# Letcher County v. Wisconsin Steel Company.

### (Decided November 10, 1911.)

## Appeal from Letcher Circuit Court.

Roads—Injury to by Unusual Use Thereof—Under Section 4325 Kentucky Statutes—Action for Damages by the County—Petition—Allegation of Notice and Failure to Repair Necessary.—In an action for damages under section 4325, Kentucky Statutes, by a county for injury to one of its public roads alleged to have been occasioned by the defendants making an unusual use thereof; a petition that fails to allege that the supervisor or overseer of roads notified the defendant to repair the damages and that he failed within a reasonable time to do so, is fatally defective.

R. MONROE FIELDS for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was brought by plaintiff, Letcher County, against defendant, Wisconsin Steel Company, a corporation organized under the laws of the State of Wisconsin, to recover damages in the sum of $1,900.00, for injuries to one of plaintiff's roads alleged to have been occasioned by defendant's wrongfully making an excessive and unusual use thereof. After describing the road and alleging that it had been dedicated by proper proceedings and had been kept and maintained by plaintiff as a public highway and had been used by the traveling public for more than thirty years before the commission of the acts complained of, the petition charges, in substance, that the defendant entered upon said road, "and unlawfully, wrongfully, without right, without the consent of the plaintiff and against its will, and by an unusual and excessive usage of said road, to-wit, by hauling an excessive number of unusually heavy loaded wagons and other vehicles over said road, from thirty to fifty per day for many months, loaded with from one to six tons each of various kinds of heavy machinery, iron boilers, stones, bricks and other heavy substances," had cut and worn away great portions of said road and had worn great and dangerous ruts, ditches, holes and pits in the same, thereby almost entirely destroying said road and rendering it wholly unfit for the traveling public, to

plaintiff's damage in the sum of $1,900.00, no part of which had been paid. The petition further charges that defendant utterly failed and refused to repair said damages or any part thereof. Defendant's demurrer to the petition was sustained, and the petition dismissed; hence this appeal.

This is not a proceeding under section 4335 of the Kentucky Statutes, which is as follows:

"Any person who shall willfully obstruct, injure or destroy any of said public roads or bridges, any index or finger board, or any culvert or ditch on said roads or shall willfully injure any of the tools or implements, or who shall, without right, take possession of or use or appropriate the same, shall be fined for each offense not less than five nor more than fifty dollars, to be recovered in like manner as fines against contractors, and shall also be liable in a civil action for double damages to the county, or any person aggrieved or injured, to be recovered in any court in the county having jurisdiction of the amount claimed. It shall be the duty of the supervisor or overseer and his assistants, and of all constables, town marshals and sheriffs, to report promptly to the county judge or some justice of the peace all violations of this act."

It will be observed that the above section not only imposes a fine upon the party offending, but also makes him liable in a civil action for double damages to the county or to any person aggrieved or injured. In order, however, to maintain an action under this section it is necessary to allege that the defendant willfully obstructed, injured or destroyed the road in question. The petition before us contains no such allegation. The defendant is simply charged with unlawfully and wrongfully and without right making an excessive and unusual use of the road. This action, therefore, is based on section 4325 of the Kentucky Statutes, which is as follows:

"Any corporation, company or individual who may, by unusual use of a road, materially damage the same, shall repair all damages caused by the use of such road or roads. The supervisor or overseer of roads shall, at any time when necessary, notify said corporations, companies or individuals of their duty as provided in this section; and should the said parties so notified fail, in a reasonable length of time, to be filed in the notice, to make such repairs, such parties shall be deemed guilty of obstructing the public roads, and shall be subject to a

fine of not exceeding one hundred dollars, to be applied to road purposes."

This statute gives a right and at the same time provides a remedy. In order to pursue the remedy it is necessary to follow the statute. Before the party offending can be proceeded against under this statute, it is necessary that the supervisor or overseer shall have first notified him to repair any damage he may have caused by an unusual use of the road, and that after receiving such notice he shall have failed, within a reasonable time, to make such repairs. The petition in this case does not allege that this provision of the statute was complied with; it simply alleges that the defendant utterly failed and refused to repair said damages or any part thereof; it does not charge that notice to repair was given by the supervisor or overseer. As no liability may be incurred until after the receipt of such notice and a failure within a reasonable time to comply therewith, it follows that the petition fails to state a cause of action.

Judgment affirmed.